IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GE-PROLEC TRANSFORMERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOUNTAIN STATES TRANSFORMER SERVICE, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL <br><br><br> Case No. 2:23-CV-290 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant Mountain States Transformer Service, Inc.'s ("MSTS") Motion for Partial Dismissal, which seeks dismissal of Plaintiff's negligence claim. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff Ge-Prolec Transformers, Inc. ("Prolec") "designs and provides solutions for the generation, transmission and distribution of electrical energy."[1] Prolec manufactured a transformer for use by Dominion Energy in Milford, Utah. In January 2020, it was reported to Prolec that an oil leak was coming from the top of the transformer. Prolec dispatched an independent contractor to assess the damage and it was determined that the "LTC gear box" needed to be replaced.

---

[1] Docket No. 2 ¶ 5.

1

Prolec requested quotes from potential suppliers to fix the LTC gear box leak. Ultimately, Prolec hired MSTS. Prolec alleges that MSTS did not properly perform the work, which caused the transformer to fail. Prolec brings damages for breach of contract and negligence.

## II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the

---

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."[7]

### III.  DISCUSSION

MSTS seeks dismissal of Prolec's negligence claim under the economic loss rule. "The economic loss rule is a judicially created doctrine that marks the fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects individuals and their property from physical harm by imposing a duty of reasonable care."[8] "The economic loss rule prevents recovery of economic damages under a theory of tort liability when a contract covers the subject matter of the dispute."[9] However, courts have recognized exceptions to the economic loss rule where there exists an independent duty or damage to other property.[10]

Prolec first argues that its negligence claim can survive because an independent duty existed. "When a duty exists that does not overlap with those contemplated in a contract, the economic loss rule does not bar a tort claim because the claim is based on a recognized independent duty of care and thus does not fall within the scope of the rule."[11] However, "[w]hen the tort claim and the contract claim overlap . . . 'the contractual relationship controls, and parties

---

[7] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[8] *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc.*, 2001 UT 54, ¶ 32, 28 P.3d 669.

[9] *Reighard v. Yates*, 2012 UT 45, ¶ 14, 285 P.3d 1168.

[10] *Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC*, 2009 UT 65, ¶¶ 15, 25, 27, 221 P.3d 234.

[11] *Reighard*, 2012 UT 45, ¶ 21 (internal quotation marks and citation omitted).

are not permitted to assert actions in tort.'"[12] Thus, "the economic loss rule applies where a party's tort claims are entirely duplicative of its contract claims."[13]

Prolec's Complaint and Opposition do not identify the source of any independent duty of care MSTS owed. A review of Prolec's Complaint reveals that its negligence claim is completely duplicative of its contract claim. Further, as will be discussed below, Prolec's attempt to distinguish the transformer from its component parts fails. Thus, this claim is barred.

Prolec also argues that the "other property" exception to the economic loss rule applies. The economic loss rules does not apply where a party can show damage to "other property." The phrase "other property" is defined as "property that is outside the scope of a contract."[14]

Prolec argues that its contract with MSTS limited the scope of work to certain components of the transformer and, thus, it suffered damage to "other property" when it suffered a complete loss of the transformer. Prolec's attempt to circumscribe the definition of property covered by the contract is inconsistent with case law from the Utah Supreme Court. The Utah Supreme Court has rejected arguments seeking to separate a finished product—like the transformer at issue here—from its component parts.[15] Therefore, this exception does not apply.

---

[12] *HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*, 2018 UT 61, ¶ 15, 435 P.3d 193 (quoting *Reighard*, 2012 UT 45, ¶ 20).

[13] *Id.* ¶ 22.

[14] *Reighard*, 2012 UT 45, ¶ 22,

[15] *See Davencourt*, 2009 UT 65, ¶¶ 25–26; *Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1191 (Utah 1996); *see also Hayes v. Intermountain GeoEnvironmental Servs., Inc.*, 2019 UT App 112, ¶ 27, 446 P.3d 594 (finding that a "house and the land upon which it is built constitute an inseparable 'integrated unit' for" purposes of the economic loss rule).

Prolec argues that it should be permitted to plead in the alternative, as permitted by Federal Rule of Civil Procedure 8(d)(2), in the event there is some dispute that the parties' relationship is governed by the contract. However, when the Complaint and Answer are read together, it is clear that no such dispute exists. Should MSTS later attempt to suggest that Prolec's claims are not covered by the agreement, Prolec may seek leave to amend.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Partial Dismissal (Docket No. 16) is GRANTED.

DATED this 16th day of November, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge